IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**NORMAN COLEMAN-BEY,**         :
                                :
    **Petitioner**              :  **CIVIL NO. 1:CV-05-1754**
                                :
**v.**                          :  **(Judge Rambo)**
                                :
**Warden TROY WILLIAMSON,**[1]   :
                                :
    **Respondent**              :

## MEMORANDUM

Petitioner Norman Coleman-Bey, an inmate at the United States Penitentiary, Lewisburg, Pennsylvania ("USP Lewisburg"), commenced this action *pro se* by filing a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Petitioner alleges that the United States Parole Commission ("Commission") failed to apply the District of Columbia parole regulations at his 2001 and 2005 parole hearings and that it engaged in impermissible double-counting when it used the same

---

[1]Petitioner names the following Respondents: Alberto Gonzales, former United States Attorney General; Edward Reilly, Chairman, United States Parole Commission; and Joseph Smith, former Warden of USP Lewisburg. (*See* Doc. 1 at 1.) However, the only proper respondent in a habeas corpus action is the warden of the institution where the petitioner is confined. 28 U.S.C. § 2243. Thus, the only proper respondent in this matter is the warden of USP Lewisburg. In light of the court's disposition of the petition, Coleman-Bey will not be directed to submit an amendment; the court will liberally construe the petition as naming the appropriate respondent only. Further, to the extent that Smith has been succeeded by Troy Williamson as the warden of USP Lewisburg, Williamson is automatically substituted as a party. *See* Fed. R. Civ. P. 25(d).

reasons to deny parole after both hearings. For the reasons set forth below, the petition will be denied.

I.   **Background**

   A.   **Statement of Facts**

On October 14, 1983, Coleman-Bey was sentenced by the District of Columbia Superior Court to a life term of imprisonment for assault with intent to commit rape. (*See* Doc. 9-2 at 4-6.) In July 1992, after the District of Columbia Board of Parole ("D.C. Board") considered Coleman-Bey for parole release, it issued an order denying parole and setting a hearing for July 13, 1994 to reconsider parole release. (*See id.* at 7.) Upon learning that the D.C. Board had denied parole, Coleman-Bey escaped from custody and remained in Escape Status through July 1995. (*See id.* at 13.) Following his return to custody, Coleman-Bey appeared before the D.C. Board on May 28, 1996, after which the Board issued an order denying parole and setting a hearing for April 3, 2000 to reconsider parole release. (*See id.* at 8, 13.)

Subsequently, jurisdiction over parole decisions for District of Columbia offenders was transferred from the District of Columbia Parole Board to the Commission. *See* National Capital Revitalization and Self-Government Improvement Act of 1997 ("Revitalization Act"), Pub. L. No. 105-33, § 11231(a)(1), 111 Stat. 712,

745 (effective August 5, 1998); D.C. Code § 24-131 (2001). The Commission considered Coleman-Bey for parole release in 2000, and ordered his case continued "pending compliance with the May 28, 1996 Notice of Board Order issued by the D.C. Board of Parole requesting a psychological evaluation be completed prior to the April 2000 rehearing." (*See* Doc. 9-2 at 10.) On March 9, 2001, the District of Columbia Department of Corrections conducted a psychological evaluation of Coleman-Bey.[2] The psychological evaluator recommended that Coleman-Bey participate in an intensive Bureau of Prisons ("BOP") Sex Offender Program prior to consideration of his return to the community. Following the psychological evaluation, on August 8, 2001, the Commission issued a notice of action denying parole and continuing for a rehearing in June 2005. (*See id.* at 11.) The Commission stated the following reasons for its decision:

> With adjustments reflecting your institutional record since your last hearing, your current Grid Score is 2. You continue to be scored under the 1987 guidelines of the D.C. Board of Parole. Those guidelines indicate that parole should be granted at this time. After consideration of all factors and information presented, a departure from the guidelines at this consideration is warranted because you are a more serious risk than indicated by your grid score in that

---

[2] A copy of the psychological evaluation report was submitted to the court *in camera* as Exhibit A. While the court has reviewed the evaluator's conclusions, in order to protect Coleman-Bey's privacy, the court will not include these conclusions in the statement of facts, but will merely state the evaluator's recommendation.

3

>you are a predatory sex offender as evidenced by you having committed multiple rapes in 1975 and after being paroled in 1978, within 8 months you committed another sex offense (rape and reduced to Assault and Battery). Following parole being revoked you were again paroled in July 1982, and within 3 months you committed another sex offense. This offense was unusually predatory in nature with your victim being abducted while standing on the street with you dragging her into an alley where you removed her clothing. The victim was able to break free from you and ran but you caught her and again tried to rape her. Only by the victim['s] screams was she able to attract assistance resulting in you running and breaking into a home.
>
>In that you have such a strong propensity to assault females at random and in that you are viewed as a continuing threat to commit future sex offenses based on current psychological information, the Commission believes that you are in need of continued incarceration for as long as possible in order to keep you away from females in the community whom [*sic*] would otherwise be a[t] extreme risk if you were to be paroled.

(*Id.*)

On June 7, 2005, Coleman-Bey again was considered for parole release. The Commission issued a notice of action denying parole. (*See id.* at 16.) The reasons cited by the Commission in denying parole were the same as the reasons it cited in 2001, namely Coleman-Bey's history of sexual assaults on women, the likelihood of such conduct if he were to be released on parole, and the "unusually predatory nature"

of the most recent attempted sexual assault." (*See id.*)  A rehearing was scheduled for June 2006.  (*See id.*)  The outcome of that hearing is not known to the court.

### B. Procedural History

Coleman-Bey filed his petition for writ of habeas corpus on August 29, 2005.  (Doc. 1.)  On September 29, 2005, service of his petition was directed.  (Doc. 5.)  On November 2, 2005, Respondents filed a response to the petition.  (Doc. 9.)  Coleman-Bey filed a traverse on November 22, 2005.  (Doc. 11.)  The petition then was ripe for review.

However, on December 8, 2005, Respondents filed a reply to Coleman-Bey's traverse.  (Doc. 12.)  Petitioner filed an objection on the basis that there is no authority within 28 U.S.C. § 2243 for a respondent to file an additional response to a habeas petition after a petitioner has filed a reply.  (*See* Doc. 13 at 1-2.)  Petitioner further contended that, to the extent Respondents' reply constituted an amendment to their response to the petition, they failed to obtain leave of court to amend as required by 28 U.S.C. § 2243.  (*See id.*)  By order dated June 21, 2007, the court granted Coleman-Bey's request to reject Respondents' reply to the traverse, and struck the reply from the record.  (Doc. 14.)  Accordingly, the court has not considered the reply (Doc. 12) in disposing of the instant petition.

## II.   **Scope of Review**

The Commission is vested with discretion to determine a D.C. prisoner's eligibility for parole.  *See United States v. Addonizio,* 442 U.S. 178, 188 (1979); *Muhammad v. Mendez*, 200 F. Supp. 2d 466, 469 (M.D. Pa. 2002); *McRae v. Hyman*, 667 A.2d 1356, 1357 (D.C. 1995) (holding that the District's parole scheme confers discretion to grant or deny parole, and the scoring system creates no liberty interest overriding the exercise of that discretion).  However, "[a] legislative grant of discretion does not amount to a license for arbitrary behavior." *Block v. Potter*, 631 F.2d 233, 236 (3d Cir. 1980) (citations omitted).  "[T]he Due Process Clause contains a substantive component that bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them." *Foucha v. Louisiana,* 504 U.S. 71, 80 (1992) (internal quotation omitted).

The function of judicial review on a petition for writ of habeas corpus in the parole context is to determine whether the Commission abused its discretion.  *Furnari v. Warden*, 218 F.3d 250, 254 (3d Cir. 2000).  The Third Circuit routinely has recognized that a federal court's review of a decision issued by the Commission is limited.  *Id.*  The standard applied in such a review "'is not whether the [Commission's decision] is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the

6

record for the [Commission's] conclusions embodied in its statement of reasons.'" *Id.* (quoting *Zannino v. Arnold*, 531 F.2d 687, 691 (3d Cir. 1976)).  Judicial review, however, should consider whether the Commission "'has followed criteria appropriate, rational and consistent' with its enabling statutes so that its 'decision is not arbitrary and capricious, nor based on impermissible considerations.'" *Id.* (quoting *Zannino*, 531 F.2d at 690).

**III.   Discussion**

   **A.   The Commission applied the District of Columbia Parole Regulations and stated reasons for the departure from the guidelines in accordance with 28 D.C.M.R. § 204.22 (1987)**.

Coleman-Bey alleges that the Commission failed to apply the District of Columbia Parole Regulations in determining his parole eligibility in 2001 and 2005. (*See* Doc. 1 at 16.)  Coleman-Bey's initial parole hearing took place prior to 1998. Therefore, the Commission was required to render its decision with reference to the 1987 D.C. Board guidelines that were in effect until August 5, 1998 when jurisdiction over parole decisions for District of Columbia offenders was transferred from the D.C. Board to the Commission.  *See* 28 C.F.R. § 2.80(a)(4).  Indeed, in this case, the notices of action clearly state that Coleman-Bey continued to be scored under the

7

D.C. Board's 1987 guidelines.  (*See* Doc. 9-2 at 11, 16.)  Accordingly, his allegation lacks merit.

Coleman-Bey also alleges that the reasons stated by the Commission in denying him parole do not qualify as factors that can be relied on to justify a denial of parole under 28 D.C.M.R. § 204.22 (1987). (*See* Doc. 1 at 17-19.)  In making a parole determination, the Commission is required to exercise its authority pursuant to the parole laws and regulations of the District of Columbia.  *See* D.C. Code § 24-131(c).  The statutory standard for parole release in the District of Columbia is as follows:

> Whenever it shall appear to the Board of Parole that there is a reasonable probability that a prisoner will live and remain at liberty without violating the law, that his release is not incompatible with the welfare of society, and that he has served the minimum sentence imposed or the prescribed portion of his sentence, as the case may be, the Board *may* authorize his release on parole upon such terms and conditions as the Board shall from time to time prescribe . . . .

D.C. Code § 24-404(a) (formerly § 24-204(a)) (emphasis added). )   Under the 1987 D.C. Board guidelines, each prisoner was assigned a score, which was used as a guide to determine whether an inmate should be paroled or held in prison for a rehearing. This score was calculated by adding or subtracting points for pre- and post-incarceration factors, including whether the prisoner's current conviction "involved violence against a person" or "if the prisoner has two or more previous convictions for these types of crimes." *Ellis v. District of Columbia*, 84 F.3d 1413, 1416 (D.C.

8

Cir. 1996). However, 28 D.C.M.R. § 204.22 provides that parole may be granted or denied notwithstanding the result recommended by the scoring system so long as the factors that form the basis for the departure are specified in writing. 28 D.C.M.R.§ 204.22. *See Ellis*, 84 F.3d at 1416 n.2; *McRae*, 667 A.3d at 1360. Accordingly, "[d]epartures must be explained, but they are not proscribed." *McRae*, 667 A.2d at 1360. In *Smith v. Quick*, 680 A.2d 396, 398 (D.C. 1996), the court held that a written explanation citing factors that favor continued incarceration, such as a need for rehabilitative services and a history of assaultive criminal behavior, was sufficient under 28 D.C.M.R.§ 204.22.

Here, in 2001, the Commission supported its decision to depart from the guidelines by citing Coleman-Bey's repetitive history of sexual assaults on women; his quick return to committing such assaults after both of his releases on parole from an earlier sentence; the "unusually predatory nature"[3] of his most recent offense; and the psychological information indicating that he has a "strong propensity to assault females at random" and is "viewed as a continuing threat to commit future sex offenses." (*See* Doc. 9-2 at 11.) Based upon these factors, the Commission stated that it believed that Coleman-Bey was in need of "continued incarceration for as long

---

[3]"Unusual cruelty to victims" is one of the reasons set forth in Appendix 2-1 to 28 D.C.M.R. § 204.1 *et seq.* for denying parole even where a prisoner would qualify for parole based on his point score. *See Ellis*, 84 F.3d at 1416 (quoting App. 2-1, at 2-34 to -35).

as possible in order to keep [him] away from females in the community whom [*sic*] would otherwise be a[t] extreme risk if [he] were to be paroled." (*See id.*) The Commission again cited these factors in denying parole in 2005. (*See id.* at 16.) Because it appears from its explanation that the Commission had a rational basis for its denial of parole, Petitioner's claim lacks merit. *See Furnari*, 218 F.3d at 254.

    **B.**    **The federal parole statute, which contains a prohibition against "double-counting," is inapplicable to Petitioner; moreover, to the extent Petitioner challenges the Commission's reasons for the denial of parole, the court declines to review the merits of the Commission's decision.**

Coleman-Bey contends that the Commission engaged in impermissible "double-counting" when it relied on factors to deny parole that it already took into account in calculating his total point score. (*See* Doc. 1 at 19-20.) Pursuant to 18 U.S.C. § 4206(c), in making parole determinations for federal offenders, the Commission is required to specify "good cause" when it grants or denies parole notwithstanding the guidelines. The phrase "double-counting" describes the practice whereby the Commission considers the same factors as a basis for "good cause" to depart from the guidelines that it used either to place the inmate in a particular severity category or to calculate his Salient Factor Score, or both. *See Muhammed*, 200 F. Supp. 2d at 472 (citing *Malik v. Brennan*, 743 F. Supp. 639, 644 (W.D. Wis. 1990)).

However, Coleman-Bey is not a federal offender. He is a District of Columbia offender. The Commission did not apply 18 U.S.C. § 4206(c) in making his parole determination, and thus the "double-counting" ban does not apply. Even assuming *arguendo* that the double-counting prohibition applies, Petitioner's claim has no merit. Coleman-Bey claims that the Commission improperly considered the nature of his current offense, his prior convictions, the length of time between offenses, and the fact that he was on parole when the current offense occurred, both in calculating his Salient Factor Score and in deviating from the guidelines. (*See* Doc. 1 at 19-20.) However, the Commission is *required* to assess whether a D.C. offender is suitable for parole release by considering, *inter alia*, whether he is capable of living in the community without committing new crimes and without jeopardizing the public welfare. D.C. Code § 24-404(a). A necessary part of making that determination is considering the nature and circumstances of a petitioner's current and prior offenses. Here, the Commission explicitly stated that Coleman-Bey is a "more serious risk than indicated by [his] grid score," and that his "continued incarceration for as long as possible" was necessary to protect females in the community. (*See* Doc. 9-2 at 11, 16.) Accordingly, it appears from the explanation it provided that the Commission had a rational basis for determining that Petitioner was not suitable for release on parole, and thus Petitioner's claim lacks merit.

11

### C. The Court cannot review the merits of the Commission's reasons for denying parole.

Petitioner's final claim is that "the Commission's actions are contrary to the 1987 Guidelines and in violation of federal law." (*See* Doc. 1 at 21.)  As already stated, this court's function in reviewing a habeas petition is limited to determining whether the Commission abused its discretion.  *Furnari*, 218 F.3d at 254.  In determining whether the Commission abused its discretion, the court considers whether there is a rational basis for the Commission's decision embodied in its statement of reasons.  *Id.*; *see also Zannino*, 531 F.2d at 691.  The court already has determined that it appears from the Commission's explanation for its deviation from the guidelines that it had a rational basis for denying Petitioner's release on parole.  Therefore, to the extent Petitioner contends that the Commission abused its discretion, his claim lacks merit.

### IV. <u>Conclusion</u>

For the foregoing reasons, the petition for writ of habeas corpus (Doc. 1) will be denied.  Because Petitioner is in custody by virtue of a District of Columbia judgment, he is regarded as a state prisoner for habeas corpus purposes, and thus must obtain a certificate of appealability to pursue an appeal.  *Madley v. U.S. Parole*

*Commission*, 278 F.3d 1306, 1309-10 (D.C. Cir. 2002); *Keitt v. U.S. Parole Commission*, 238 F. App'x. 755, 758 (3d Cir. 2007).  Because Petitioner has not made a substantial showing of the violation of a constitutional right in connection with the adverse parole decisions, 28 U.S.C. § 2253(c)(2), a certificate of appealability will not be issued.  An appropriate order will follow.

                                             s/Sylvia H. Rambo
                                             SYLVIA H. RAMBO
                                             United States District Judge

Dated: May 15, 2008.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**NORMAN COLEMAN-BEY,** :
:
       **Petitioner** :     **CIVIL NO. 1:CV-05-1754**
:
**v.** :     **(Judge Rambo)**
:
**Warden,** :
:
       **Respondent** :

## ORDER

In accordance with the foregoing memorandum, **IT IS HEREBY ORDERED that:**

1. The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

2. The Clerk of Court shall **CLOSE** this case.

3. A certificate of appealability is **DENIED**.

                                              s/Sylvia H. Rambo
                                              SYLVIA H. RAMBO
                                              United States District Judge

Dated: May 15, 2008.